## Iowa County v. Huston.

1. **Agent:** LIABILITY OF: TRUST. In an action by a county to recover $1000 which were entrusted to H. as its agent, to be expended in repairing a bridge, where the petition alleged that it remained in the hands of H. unexpended and unaccounted for, and the testimony showed that $800 had been paid a contractor upon the work, the plaintiff was not entitled to recover.

2. **Pleading:** FAILURE OF PROOF. If the material allegations of the petition are neither proved nor admitted, the plaintiff cannot recover upon the failure of the defendant to prove the averments of his answer.

*Appeal from Iowa Circuit Court.*

FRIDAY, SEPTEMBER 25.

THE petition states plaintiff's cause of action as follows: "That on or about the 5th day of September, 1865, the Board of Supervisors of Iowa County appropriated $500.00 to repair the bridge across Iowa river, known as the Kosta bridge, in Iowa county, and on the 8th day of June, 1866, said board appropriated an additional sum of $500.00, for like purposes. That the defendant, Samuel Huston, on the 27th day of

August, 1866, did illegally and without authority, (and for the purpose of expending the money obtained thereon, as a self-constituted agent of said county, in repairing and rebuilding the aforesaid bridge) make application for, and receive from the clerk of the Board of Supervisors of said Iowa county, an order by said clerk upon the treasurer of said county for the payment to said defendant of the sum of $1000.00, out of the bridge fund of said county; and at said time presented said order for payment to said treasurer, and then received in payment of said order, out of the funds aforesaid, the sum of $1000.00, to have, hold and expend the same, (as a self-constituted agent of plaintiff) in trust and for the use and benefit of plaintiff, in repairing and rebuilding said Kosta bridge. That the said bridge has neither been rebuilt nor repaired, and the said sum of $1000.00 still remains in the possession of defendant, unexpended and unaccounted for, and which defendant refused to pay to plaintiff, although the same was demanded of him about the month of July, 1873, and oftentimes since then. Plaintiff asks judgment for $1000.00 with interest and costs."

The answer denies every material allegation of the petition, and avers that the plaintiff, through its Board of Supervisors, at the times stated in the petition, appropriated $1000.00 for the purpose of building or repairing a bridge across Iowa river known as the Kosta bridge. That it was the custom of said board at that time to appropriate money for such purposes, on the application of trustees of townships, to be expended in the manner as thought best by the trustees of the township or townships in which the same was to be used. That the $1000.00 was appropriated on the application of Honey Creek and Cono townships. That the defendant at that time was one of the trustees of Honey Creek township. That soon after the appropriation was made the trustees of said townships agreed that defendant was a suitable person to take charge of said money, and in all respects manage the rebuilding of said bridge, and urged defendant to accept said trust and manage said business in a manner as to him might seem best. That, in pursuance of said request, as a matter of

accommodation, without the promise or expectation of reward, the defendant accepted said trust, and promised to give said business such reasonable attention as the nature of the case, in his judgment, might require. That in pursuance thereof the trustees of said townships issued an order on the clerk of the Board of Supervisors authorizing defendant to receive said money. That said clerk thereupon drew an order on the treasurer of said county, and the treasurer paid the defendant thereon the said sum of $100.000. That soon thereafter the defendant contracted, in writing, with one John Hall for the building of said bridge, substantially as follows:

"Article of agreement made and entered into between John Hall, of Belle Plaine, of the first part, and Samuel Huston, of Kosta, of the second part, witnesseth: That the said John Hall has this day contracted to rebuild a bridge across Iowa river, known as the Kosta bridge, according to the specifications hereto annexed, for the sum of $1000.00, said bridge to be completed within sixty days from this date, and to be constructed in a substantial and workmanlike manner. The said Huston agrees to furnish money, as needed, for the purchase of material and labor, the balance to be paid as soon as the bridge is completed.

Dated at Kosta, August 25th, 1866.　　　JOHN HALL.
　　　　　　　　　　　　　　　　　　　　S. HUSTON."

And in addition to said contract, and as a matter of greater precaution, defendant took from said Hall a bond in the sum of $1000.00, as follows:

"The condition of the above obligation is such, that the said John Hall has this day entered into the above contract to build a bridge for the sum of $1000.00, $150.00 in hand paid, $350.00 to be paid within twenty days, the balance on completion of contract. Now, if the said Hall shall complete said bridge according to the annexed contract and specifications, and within the time therein specified, then this obligation to be void, otherwise in full force.

　　　　　　　　　　　　　JOHN HALL.
　　　　　　　　　　　　　JOHN M. SULLENBERGER.
　　　　　　　　　　　　　H. E. TURNER."

That, in pursuance of said contract, said Hall commenced to construct said bridge, and continued until said bridge had advanced far toward completion, and until this defendant had paid him in all about $800.00, when finally, and before the completion of said bridge, Hall abandoned said work and absconded, leaving the bridge unfinished and divers debts for lumber, labor and material unpaid. That soon after the absconding of said Hall, suits by attachment were commenced against him, and a large portion of the lumber and other material on the ground, intended for said bridge, were levied upon, and subsequently sold under execution. That the remainder of said bridge was soon thereafter washed away by a sudden rise of the river. That defendant contracted with said Hall in a careful manner, and had every reason to believe he would do his work according to contract. That all things done by defendant were in the best of faith, and in the exercise of reasonable and proper care. That the defendant undertook said work at the solicitation of the trustees of said township, and as a matter of accommodation, and without a promise or expectation of compensation. That defendant has in his hands the sum of $200.00, being a part of said $1000, which he is now, and ever has been, willing and anxious to deliver to the said plaintiff, and here tenders the same.

The replication denies generally all the allegations of the answer.

The cause was tried by the court, who submitted numerous findings of fact and conclusions of law, and rendered judgment for plaintiff for $1380.00 and costs. Defendant appeals.

*Martin & Murphy*, for appellant.

*C. Hedges*, for appellee.

Day, J.—I. The allegation that defendant was the self-constituted agent of plaintiff, appears merely parenthetically in the petition, as descriptive of the capacity in which defendant acted. A careful examination of the petition discloses that the real ground of complaint is, not that defendant assumed

to act as the self-constituted agent of plaintiff, but that, being such agent, he came in possession of $1000.00 of the funds of plaintiff, to have, hold and expend the same, in trust and for the use and benefit of plaintiff, in repairing and rebuilding the Kosta bridge, and that the said sum of $1000.00 still remains in the possession of defendant, unexpended and unaccounted for, and that the bridge has neither been rebuilt nor repaired. It is the alleged failure of defendant to expend or to account for the money, as required by the terms of what is denominated his self-constituted agency that is the ground of offense. This allegation of the petition is denied in the answer, and thus is presented the real and sole issue. in the case. The question to which so much time has been devoted in the argument, and respecting which the court submitted several special findings, as to whether the defendant was duly and legally appointed an agent for the erection of the bridge, is simply a collateral one. The real point made in the pleadings is, not that defendant was not entitled to draw the $1000.00, but that, having drawn it, he did not expend it in the erection of a bridge. This view renders the case very simple.

The evidence shows, and the court found specifically, that defendant entered into a written contract with John Hall for rebuilding said bridge, for the sum of $1000.00, and that he paid him thereon the sum of $800.00. The allegation of the petition that the sum of $1000.00 still remains in the possession of defendant, unexpended and unaccounted for, is therefore not established, but on the contrary is clearly disproved, and it was error for the court to render judgment against defendant for $1000.00 with interest from the time the money came into defendant's hands.

1. AGENT: liability of: trust.

II. Most of the findings of the court as to the facts relate to certain omissions of defendant, constituting, it is claimed, negligence in the performance of the duty undertaken. And most of the legal conclusions hold that defendant is liable because of such negligence. But these findings of fact and conclusions of law are entirely outside of any issue tendered in the petition. And many of the

2. PLEADING: failure of proof.

findings of fact have no support in the evidence. The view of appellee's counsel, and it seems also to have been the view of the court, is, that inasmuch as the defendant alleges that all things were done in the best of faith, and in the exercise of reasonable and proper care, and all the allegations of the answer are denied in the replication, that the burden of proving the exercise of reasonable and proper care is upon the defendant, and that it is competent to find that he omitted everything, which he has not affirmatively proved he did. But this view, in so far as the plaintiff's right of recovery is based upon the failure of proof on the part of defendant, ignores the principle that a plaintiff must recover upon the allegations of his petition. If the material allegations of the petition are neither proved nor admitted, a plaintiff cannot recover because of the failure of defendant to prove the allegation of his answer. Without reviewing *seriatim* the numerous findings of fact and conclusions of law, we are clear that under the evidence, the issue, and the findings of fact submitted which are pertinent to the issue, the judgment of the court is wrong, and that it should be

REVERSED.